CAUSE NO. C-3918-20-L



EXHIBIT A

| ANGELICA LONGORIA | § | IN THE ____ JUDICIAL DISTRICT |
|---|---|---|
| | § | |
| VS. | § | COURT OF |
| | § | |
| WAL-MART STORES TEXAS LLC | § | HIDALGO COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES ANGELICA LONGORIA, hereinafter referred to as Plaintiff, and files this, her Original Petition against WAL-MART STORES TEXAS LLC, hereinafter referred to as Defendant, and for cause of action will show the Court the following:

### DISCOVERY CONTROL PLAN - BY RULE (LEVEL 3)

1. Plaintiff intends to conduct discovery under Level 3 as provided by Rule 190 of the Texas Rules of Civil Procedure.

### CLAIM FOR RELIEF

2. Plaintiff is seeking monetary relief from Defendant in an amount that is more than $200,000.00, but less than $1,000,000.00, as compensation for her damages.

### PARTIES

3. Plaintiff Angelica Longoria is an individual who resides in Pharr, Hidalgo County, Texas.

4. Defendant Wal-Mart Stores Texas LLC is a limited liability company that does business in McAllen, Hidalgo County, Texas. Defendant Wal-Mart Stores Texas LLC may be served with process by serving its registered agent, C.T. Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## VENUE AND JURISDICTION

5. The incident described hereinbelow or events giving rise to Plaintiff's claim against Defendant arose in McAllen, Hidalgo County, Texas. Venue for this cause of action therefore lies in Hidalgo County, Texas.

6. The damages that Plaintiff is seeking from Defendant are within the jurisdictional limits of the Court. This Court therefore has jurisdiction of this cause of action.

## FACTS

7. On July 25, 2020, at approximately 5:45 p.m., Plaintiff was at Defendant's Wal-Mart store located on Jackson Avenue in McAllen, Hidalgo County, Texas for business purposes. As Plaintiff walked into the store through a doorway, she slipped, fell to the floor, and suffered injuries and damages. It had been raining outside for a long period of time before Plaintiff slipped and fell. Rainwater slowly accumulated on the floor inside of the store near the doorway as a result of rainwater coming into the store through the doorway and Defendant's employees and customers entering the store, wet with rainwater, through the doorway. The floor underneath a carpeted mat that was near the doorway and the carpeted mat were also wet with rainwater. The floor in the doorway had been wet with rainwater for a long period of time before the wet floor caused Plaintiff to slip and fall. Defendant's employees were in close proximity to the wet floor during this lengthy period of time. Further, the wet floor existed near the doorway due to Defendant allowing rainwater to enter the store through the doorway, allowing its wet employees and customers to enter the store through the doorway, and failing to maintain the floor near the doorway in a dry and safe condition while it was raining and for a period of time thereafter. Defendant therefore created the wet and slippery floor or dangerous condition that caused Plaintiff to slip, fall, and suffer injuries and damages. Knowledge of the dangerous condition is therefore imputed on Defendant under Texas Premises Liability Law.

## CAUSE OF ACTION BASED ON
## PREMISES LIABILITY LAW AND PROXIMATE CAUSE

8. At all time that is material to the incident described hereinabove and this case, Defendant was negligent under premises liability law in that: A. Plaintiff was a business invitee, B. Defendant owned, possessed, and/or controlled the premises where the incident described hereinabove occurred, C. A condition on the premises, the rainwater on the floor inside of the store near the doorway of the store and/or the wet and slippery floor near the doorway, as described in the preceding paragraph, posed an unreasonable risk of harm, D. Defendant knew or reasonably should have known of the danger posed by the condition, and E. Defendant breached its duty of ordinary care by failing to adequately warn Plaintiff of the condition and failing to make the condition reasonably safe. This negligence by Defendant was the sole proximate cause or a proximate cause of the incident described hereinabove and of the injuries and damages suffered by Plaintiff, as set out hereinbelow.

## DAMAGES

9. As a proximate cause of the negligence of Defendant in causing the incident described hereinabove, Plaintiff suffered injuries, suffered physical pain and mental anguish in the past, will suffer physical pain and mental anguish in the future, suffered physical impairment in the past, will suffer physical impairment in the future, suffered physical disfigurement in the past, will suffer physical disfigurement in the future, lost wages in the past, will suffer a loss of earning capacity in the future, incurred medical expenses in the past, and will incur medical expenses in the future. Plaintiff is seeking monetary relief from Defendant in an amount that is more than $200,000.00, but less than $1,000,000.00, as compensation for her damages.

## VICARIOUS LIABILITY

10. At all time that is material to the incident described hereinabove and this case, Defendant's employees acted within the course, scope, and authority of their employment

and/or agency relationship with Defendant. Defendant should therefore be held vicariously liable to Plaintiff for all of Plaintiff's damages alleged herein.

## PREJUDGMENT AND POSTJUDGMENT INTEREST

11. Plaintiff further sues Defendant herein for prejudgment interest at the maximum rate allowed by law on those damages where such interest may be assessed and for postjudgment interest at the maximum rate allowed by law on all of Plaintiff's damages from the date of judgment until the judgment is paid in full.

## REQUEST FOR JURY AND JURY FEE

12. Plaintiff requests that the above-styled and numbered cause be tried to a jury and represents to the Court that the proper jury fee has been paid to the Clerk of this Court with the filing of Plaintiff's Original Petition.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final hearing, she have judgment against Defendant for all of her damages hereinabove alleged, for prejudgment and postjudgment interest, and for any and all other relief, both general and special, in law and in equity, and for all costs of Court in her behalf expended.

Respectfully Submitted,

THE CISNEROS LAW FIRM, L.L.P.
312 Lindberg
McAllen, Texas 78501
Telephone No. (956) 682-1883
Fax No. (956) 682-0132
Email: email@cisneroslawfirm.com

MICHAEL J. CISNEROS
State Bar No. 00793509
ARTURO CISNEROS
State Bar No. 00789224
Attorneys for Plaintiff